# RAMOS

*v.*

# FREIRIA.

---

San Juan, Law, No. 1377.

MALICIOUS PROSECUTION.

Malicious Prosecution—Debt not Due.

    It is not necessary under the Porto Rican statute to allege that the debt paid was due.

Opinion filed July 7, 1920.

---

*Mr. A. Guil Trujillo* for plaintiff.

*Mr. H. F. Besosa* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case comes up on demurrer to the complaint. The com-

Ramos v. Freiria.

plaint seems to be based upon the theory that defendant attached the present plaintiff for a debt not due at the time, and that the present plaintiff in order to save himself paid the debt. The demurrer is to the effect that there was no illegality in such action by the defendant.

An action for malicious prosecution, that is, for maliciously putting the law in motion, lies in all cases where there is a concurrence of the following elements: "(1) The commencement . . . of an original . . . civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damages conforming to legal standards resulting to plaintiff." 26 Cyc. 8.

In the case at bar these different elements can be made out with the exception of the third and fourth. Nothing whatever is said in the complaint as to the termination of the original suit. That is left to inference from the statement that the present plaintiff had to pay to the defendant an amount not yet due, not stating, however, that it was the amount in question. It is true that ordinarily a suit cannot be maintained on a debt before it is due. Kinsey v. Wallace, 36 Cal. 462. This, however, is not universally true. It might be said to be the general rule of mercantile practice that in case of threatened fraud or misconduct on the part of the defendant whereby there will be no property left to respond to the debt when it is due, his creditor may attach or otherwise secure himself. The phraseology of the Porto Rican law to secure the effective-

ness of a judgment is so broad that it would not be well to say such a case is not covered by it, at least until the necessary facts are set up in the pleadings and the point is directly presented.

The demurrer is accordingly sustained and five days allowed to amend.

It is so ordered.